## *DURALDE'S HEIRS* vs. *GUIDREY.*

APPEAL from the court of the fifth district.

PORTER, J. delivered the opinion of the court. The defendant is sued as endorser of a promissory note. The plaintiffs in order to establish that they gave due notice of the pro-

The certificate of the notary, that he notified the endorser by express, altho' read without opposition, does not establish a legal notice

West'n Dis'ct
August, 1826.

DURALDE'S
HEIRS.
vs.
GUIDREY.

test, has produced a certificate of the notary made under the act of 1821, which is in the following words :

" J'ai de plus par un expres notifie ce meme protet a l'endosseur ce meme jour."

" I further, by an express notified this same protest to the endorser, this same day."

The expression " this same day," refers we presume to the day on which the protest was made, for this certificate is recorded with the protest, and both make but one instrument. The regularity of this may be doubted, but admitting it correct, it is objected, the certificate contains no evidence the protest ever reached the endorser, and we are of that opinion. The act of the legislature already refered to, has made no change in relation to the necessity of establishing these facts, which were always necessary to be shewn in order to bring notice home to the endorser. It has only introduced another manner of proving them. No higher credit can be given to the certificate than would have been given to the oath of the notary, had he testified to the same facts in open court. Proof made in the latter mode that he sent an express, would not be evidence this express reached the endorser.

We do not see how the notary could swear, or can testify that notice of protest was duly served, unless he does so himself, or puts it in the post-office. When he employs the agency of another, neither his oath nor his certificate of what that agent did, is the best evidence of which the case is susceptible. The statute, by requiring the officer to state the manner in which these notices are served or forwarded, negatives the idea that his certificate is to be conclusive. It conveys, on the contrary, a clear intimation that the court was to judge whether in the manner used, the endorser could be considered as having knowledge of the fact. Any other construction would leave these expressions in the law without meaning or motive. Under this act of the legislature the endorser is affected by testimony which he has not power to cross examine. The *ex parte* proof should be therefore clear, and in strict pursuance of the law under which it is taken. It is conferring power enough on the notaries to enable them to bind their fellow citizens by certificates of what they do themselves. It would be monstrous to permit them to certify to the truth of facts, which they can only know from the relation of others.

West'n Dis'ct
*August*, 1826.

DURALDE'S
HEIRS.
*vs.*
GUIDREY.

The counsel for plaintiff has contended that as the certificate of the notary was permitted to be read without objection, it makes full proof of all the facts contained in it. This is confounding form with substance. If the form merely of the certificate was irregular and it contained the necessary statements of notice, their permitting it to be read would be considered as a waiver of the objection, and that part which was substance would have its legal effect. But where the defect in the certificate is, not containing a legal statement that notice was given, then the suffering it to be read in evidence cannot cure the defect. Indeed it is one which cannot be known until it is read. A copy of a sale from a notary's office *duly certified* could not be objected to as evidence in a suit for property. But after it was admitted, all objections to its effect would be open to the party against whom it was offered.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that there be judgment for the defendant, as in case of non suit with costs in both courts.

*Simon* for the plaintiffs, *Todd, Lesassier, Bowen, I. L. & J. Baker* for the defendant.